IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 1 2 2013
CHRIS R. JOHNSON, CLERK
BY _____ DEPUTY CLERK

BRIDGEFIELD CASUALTY INSURANCE COMPANY                              PLAINTIFF

V.                              NO. 13-4040

PPC TRANSPORTATION, INC, d/b/a
PILGRIM'S PRIDE                                                    DEFENDANT

## COMPLAINT

COMES NOW the Plaintiff, Bridgefield Casualty Insurance Company, by and through its attorneys, Laser Law Firm, P.A., and for its Complaint against the Defendant, PPC Transportation, Inc., d/b/a Pilgrim's Pride, states:

### I. PARTIES

1. Plaintiff Bridgefield Casualty Insurance Company (hereinafter "Bridgefield Casualty") is a Florida company with its principal office in Florida, and duly licensed to sell and issue insurance policies.

2. Defendant PPC Transportation, Inc., d/b/a Pilgrim's Pride, (hereinafter "PPC") is a Delaware corporation and, upon information and belief, it maintains its principal place of business in either Greely, Colorado or Pittsburgh, Texas. As a result, PPC is a citizen of the State of Delaware and of either the State of Colorado or the State of Texas. PPC may be served by serving its corporate secretary via its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, by certified mail pursuant to Arkansas Code § 4-27-1510.

## II. JURISDICTION AND VENUE

3.     This Court has diversity of citizenship jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  The amount in controversy exceeds the sum of value of $75,000.00, exclusive of interest and costs, and this action is between citizens of different states.

4.     Venue is proper in this District under 28 U.S.C. § 1391(a)(2), because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III. FACTS

5.     Plaintiff incorporates each of the previous allegations set forth herein.

6.     At all times herein mentioned and at the time of this auto collision, PPC was acting individually and through its agent, servant, and/or employee, Marlin Elmore, who was acting within the course and scope of his employment with PPC.

7.     PPC, individually, and through its agent, servant, and/or employee, at the time of this collision, was engaging in the business of a motor carrier in both intrastate and interstate commerce on Highway US 71 north near Wilton, Arkansas, at the time of this collision.

8.     Arkansas has adopted the Federal Motor Carrier Safety Regulations.

9.     At all times herein mentioned and at the time of this collision, Defendant PPC is and/or was an interstate common carrier, motor carrier, and trucking transport company subject to the Federal Motor Carrier Safety Regulations.

10.    PPC and its agent, servant, and/or employee Marlin Elmore, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth

in Title 49, Code of Federal Regulations, including but not limited to, the sections thereof set forth in this Complaint.

11. At the time of this incident and at all times herein mentioned, Marlin Elmore was operating a tractor trailer as an agent, servant, and/or employee of PPC.

12. At all times herein mentioned, Marlin Elmore was hired by PPC to drive a commercial motor vehicle in the form of a tractor-trailer, and was directed by PPC to transport various loads in interstate commerce.

13. At all times herein mentioned, and at the time of this incident, PPC, individually, and/or through its agents, servants, and/or employee Marlin Elmore, owned, leased, controlled, and/or operated a 2006 Mack truck/tractor that caused this accident.

14. At all times herein mentioned, PPC owned, operated, maintained, managed, and controlled the 2006 Mack truck/tractor.

15. On July 14, 2010, Plaintiff insured Red Barn Transportation, Inc., a transportation company in the business of transporting certain loads, for workers' compensation claims.

16. On July 14, 2010, at approximately 9:15 a.m., Craig Ducote (hereinafter "Ducote"), an employee of Red Barn Transportation, Inc., was traveling north on Highway US 71 when he came to a complete and lawful stop approximately 1.2 miles north of Wilton, Arkansas. Ducote was stopped by an Arkansas Department of Transportation employee in a duly marked construction workzone.

17. At the above-stated date and time, Elmore, the agent, servant, employee, and/or operator of the PPC tractor trailer, was also traveling north on U.S. Highway 71

at an excessive and unlawful rate of speed toward the workzone in which Ducote had lawfully stopped pursuant to posted signs and directions of an Arkansas State Highway employee. PPC's driver ignored and failed to heed posted signs requiring him to reduce his speed, which were posted approximately 599 feet south of where Ducote was stopped.

18. PPC's driver Marlin Elmore unlawfully entered the workzone traveling at a rate in excess of the posted speed limit and failed to stop. PPC's driver collided with Red Barn's vehicle. PPC's tractor struck the right front and right side of Red Barn's vehicle.

19. PPC's driver, Marlin Elmore, was issued a citation for "careless and prohibited driving" and the accident report, prepared by Arkansas State Police Trooper James Jones, concluded that the contributing factor causing the accident was Elmore's careless and prohibited driving.

20. Ducote was severely injured in the collision. He was taken by ambulance to Little River Memorial Hospital.

21. The impact of PPC's truck and trailer injured Ducote extensively, including damage to his neck and back.

22. As a result of the injuries, Ducote incurred substantial medical bills, which were paid pursuant to Red Barn's workers' compensation policy, provided by the Plaintiff, Bridgefield Casualty Insurance Company. That policy provides medical and indemnity benefits to Red Barn's employees injured in the course and scope of their employment with Red Barn.

23. Ducote is continuing to treat for his injuries sustained through the negligence of PPC and its agent/employee driver. Therefore, the amount of medical damages paid by Red Barn's workers' compensation policy will continue to increase.

24. Furthermore, Ducote is receiving Total Temporary Disability (TTD) pay and will likely receive Permanent Total Disability (PTD), which are also paid for by and through Plaintiff's workers' compensation policy issued to Red Barn.

25. As a direct and proximate cause of PPC's negligence and the negligence of PPC's agent/employee driver, Plaintiff has been damaged in the minimum amount of $161,683.10, constituting payments made for medical bills of Craig Ducote and disability payments made to Craig Ducote, and Plaintiff anticipates future payments made to Mr. Ducote for Temporary Total Disability and likely Permanent Total Disability, as well as future medical expenses.

### IV. LEGAL CLAIMS

**A.  Negligence**

26. Plaintiff incorporates each of the previous allegations set forth herein.

27. PPC, through its agents, servants and employees, including its driver Marlin Elmore, owed a duty to Red Barn and its employee, to conduct itself in a reasonable and prudent manner with respect to the operation of the tractor and trailer that struck the vehicle owned by Red Barn and operated by Ducote. PPC failed to operate this tractor and trailer in a reasonable and prudent manner. Such negligence of PPC and Marlin Elmore includes but is not limited to:

a. failure to obey posted signs;

b. failure to obey the speed limit and driving too fast for conditions;

c. failure to obey construction zone notices;

d. failure to keep a proper lookout;

e. failure to maintain proper control;

f. failure to avoid an accident;

g. failure to yield to the superior vehicle;

h. failure to exercise ordinary care for the safety of others;

i. failure to exercise the highest degree of care;

j. failure to operate the PPC tractor and trailer in a safe and lawful manner.

28.  The damages sustained by Plaintiff, by way of payments made to Red Barn's employee, Ducote, were proximately caused by the negligence of PPC, through its agent, servants, or employees, in the operation of the PPC tractor and trailer that struck the vehicle owned by Red Barn and operated by Ducote.

29.  PPC, through its agents, servants, and employees, owed Red Barn and its employee, Ducote, a duty to conduct itself in a reasonable and prudent manner with respect to the operation of the tractor and trailer that struck the vehicle owned by Red Barn and operated by Ducote.  PPC failed to operate its truck in a reasonable and prudent manner, in that is failed to slow down to the required speed when nearing a workzone on U.S. Highway 71 and failed to stop, as required by the direction of the flagger and Arkansas statutes and as more specifically set forth in Paragraph 27, above.

30.  PPC's acts and omissions constitute negligence per se, because the damages sustained by Plaintiff are a direct result of PPC's violation of 27-52-103 of the Arkansas Code, the purpose of which is the prevention of collisions of the type that occurred in this case.

31. The damages sustained by Plaintiff were proximately caused by the negligence of PPC, through its agents, servants, or employees, in its operation of the PPC tractor and trailer that struck the vehicle owned by Red Barn and operated by Ducote.

**B. Respondeat Superior, Vicarious Liability, and Agency**

32. Plaintiff incorporates each of the previous allegations set forth herein.

33. Marlin Elmore was acting, at the time of this collision, as the servant of his master, PPC, and was likewise driving his vehicle within the course and scope of his employment with PPC at the time of this collision.

34. Any negligence on the part of Marlin Elmore, which is a proximate cause of the damages prayed herein, is imputed as a matter of law to Defendant PPC under the doctrines of Respondeat Superior, vicarious liability, and agency.

## VI.  JURY DEMAND

35. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, Bridgefield Casualty Insurance Company, prays for Judgement against Defendant, PPC Transportation, d/b/a Pilgrim's Pride, in an amount to be determined which will compensate it for its damages suffered, plus interest at the maximum rate allowable under law, for all reasonable attorney's fees, for its costs herein expended, and for all other just and proper relief.

Respectfully submitted,

LASER LAW FIRM, P.A.
101 S. Spring Street, Suite 300
Little Rock, Arkansas 72201-2488
(501) 376-2981

BY: _____
KEITH M. McPHERSON
BAR ID #91194
E-mail: kmcpherson@laserlaw.com

And

BRENT A. CORRELL
BAR ID #2009-003
E-mail: bcorrell@laserlaw.com